HATTIE E. NEIGHBOUR AND FRED C. NEIGHBOUR, PLAIN-
TIFFS-RESPONDENTS, v. JOHN MATUSAVAGE AND
WILMER SLAUGHTER, DEFENDANTS, AND MYRA M.
HAAS AND REUBEN L. HAAS, DEFENDANTS-APPEL-
LANTS.

Argued February 4, 1942—Decided April 23, 1942.

For the plaintiffs-respondents, *Bowers & Rinehart* (*James I. Bowers*, of counsel).

For the defendants-appellants, *Frank P. Zimmer* (*Gerald McLaughlin*, of counsel).

The opinion of the court was delivered by

PORTER, J. The plaintiff Hattie E. Neighbour was driving her husband's automobile when it was struck by one of two colliding automobiles. She was severely injured. Both she and her husband brought suit to recover damages against the owners and drivers of both of the colliding vehicles charging both drivers with negligent operation of their cars. The case was tried at the Somerset Circuit of the Supreme Court and resulted in verdicts for both plaintiffs against all of the defendants.

The automobile which struck the Neighbour car was a large coal truck owned by John Matusavage and driven by his employee, Wilmer Slaughter, defendants. The other car

involved was a light sedan owned by Myra M. Haas and driven by her husband, Reuben L. Haas, defendants. This appeal is by Mr. and Mrs. Haas.

The collision occurred at the intersection of State Route No. 29 and Bridge Street, Somerville, on February 17th, 1941, at about 10:30 in the forenoon. It was snowing and the highways were slippery from a light fall of snow. Mrs. Neighbour was driving in an easterly direction and was alone. The defendants' cars were traveling in the opposite direction, going westerly. Mr. Haas intended to make a left turn into Bridge Street. He reached the intersection ahead of Mrs. Neighbour and stopped his car so as to permit her to pass. His car was turned toward his left at an angle variously testified to at 10 degrees to 45 degrees. The Matusavage truck which had been traveling behind him attempted to pass while Haas was at a standstill. In so doing it turned left and the front part (tractor) passed but a part of the trailer struck the left rear of the Haas car. The tractor and trailer "jack-knifed" diagonally across the road to the left and struck the Neighbour car. Mrs. Neighbour had not gotten into the intersection. She says that she saw the two defendant cars and fearing a collision had brought her car to a stop before she was struck. Slaughter says that she had not stopped but ran into the truck. Haas was riding in the lane of traffic nearest the center of the highway as he came to the intersection. Slaughter says that he observed that Haas started to make a right turn when he approached Bridge Street and then turned left and that he observed no signals from the Haas car. Haas denies that he made any right turn and says that his rear lights were lighted as he stopped and that he saw the reflection of the rear red lights in the snow in his mirror, that he had not extended his hand because he had not yet made the turn but had stopped to allow Mrs. Neighbour to pass before he made his turn. The testimony is at variance not only as to the angle which the Haas car had turned when it was stopped but also as to whether it had entered the intersection and if so just where it was. There was no charge of any negligence on the part of Mrs. Neighbour which contributed to the accident. The sole issue as to

liability was whether either or both of the drivers of the defendants' cars were guilty of negligence which was the proximate cause of the collision with the Neighbour car. This issue was clearly a factual one for the jury and was so recognized by counsel for both defendants because no motion was made by either for a nonsuit or for a directed verdict.

The appellants argue that the trial court committed error in various instructions to the jury and that their interests were prejudiced by the court's unreasonable limitation of the cross-examination of Mrs. Neighbour.

We will consider this last point first. The rule is well settled that great latitude is allowed in cross-examination for the purpose of testing the truthfullness, accuracy, judgment and credibility of a witness, subject, however, to the sound discretion of the court. *Chrislofaro* v. *Brenfleck,* 116 *N. J. L.* 357; *Service Fuel Oil Co.* v. *Hoboken Bank for Savings,* 118 *Id.* 61; 2 *Wigmore on Evidence* (*2d ed.*), § 944; 22 *Corp. Jur.* 703. Mrs. Neighbour on direct examination had described what she had observed of the movement of the defendant cars up to the time she was injured. The theory of the defendants Haas was that the interval of time which had elapsed while she was making these observations was too short for her to have seen all that she had testified to. It was of importance to them to have her search her recollection of the movement of their car and especially where and how it had stopped. With that end in view she was given a most careful and minute cross-examination on that point though withal a fair one. Quite apparently she was very nervous and much distressed by the examination and as soon as it was over it was necessary for the court to exclude her from the court room so that she could regain her composure. The question which was ruled to be an improper one by the court and to which ruling an exception was taken was "And I ask you if it is a fact, as you have said, that he didn't start to slow down until he got to the intersection." The court directed the witness not to answer and advised counsel that he had so ruled because the same question had been asked and answered "two or three" times. The record shows that in fact the same question in slightly varied form had been asked

and answered by this witness no less than a dozen times. We perceive no impropriety in the court's interference under the related circumstances. How many times a witness may be asked for the identical information irrespective of contradictory answers is within the sound discretion of the trial court. We find no abuse of that discretion.

We conclude that there was no reversible error in the court's charge or refusal to charge as requested. Objection is made largely to what the court said about the testimony especially with reference to the location of the Haas car when it was struck. Haas himself testified that the front of his car was "just entering the intersection" and was stopped at an angle to the left of between ten and fifteen degrees straddling the center line of the highway. He specifically denied that he was in the center of the intersection. Slaughter testified that "he was up around the center of the intersection when he hit Mr. Haas." Mrs. Neighbour placed the Haas car in the center of the intersection when he was struck. The police chief who arrived at the scene shortly after the accident described conditions then existing. The Haas car had been driven off the road. He found dirt, oil and chunks of snow in the center of the intersection. The court summarized the testimony of each witness. He did so fairly, painstakingly and accurately. He included in it what is said above about the location of the Haas car without in any way emphasizing that sharply disputed issue of fact. Moreover, he was careful to explain to the jury that their recollection of the testimony and not his must control them. The portions of the Traffic Act which he read to the jury were entirely pertinent and justified by the testimony. The legal principles charged were comprehensive and substantially in accordance with the requests to charge.

The judgment is affirmed.

*For reversal*—None.